UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PERRY HESTON; dba FIRST CALL PROPERTIES, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-09-151 |
| | § | |
| AAA APARTMENT LOCATING, *et al*, | § § | |
| Defendants. | § | |

**ORDER OF REMAND**

On this day came on to be considered Plaintiffs Perry Heston, individually and d/b/a First Call Properties, and Jefferson Cowling's, individually and d/b/a First Call Properties Corpus Christi (together "Plaintiffs") motion to remand this case back to state court. (D.E. 10.) For the reasons stated herein, the Court hereby GRANTS Plaintiff's motion to remand, and the Court hereby REMANDS this case pursuant to 28 U.S.C. § 1447(c) to the 214th Judicial District Court of the State of Texas, in and for Nueces County, where it was originally filed and assigned Cause Number 09-2571-F.

**I.    Factual and Procedural Background**

Plaintiffs are in the real estate relocation business. (D.E. 1, Ex. 23, p. 3.) Plaintiffs claim that they "have been using the name 'First Call Properties' for many years" and "have the trademark by common law of the words 'First Call Properties' and 'First Call.'" (D.E. 1, Ex. 23, p. 3.) Plaintiffs began posting advertisements using the words "First Call" on a website operated by Craigslist, Inc.. Plaintiffs claim that Mario and Melissa Gomez, individually and doing business as AAA Apartment Locating ("the Gomezes") "thereafter … began posting advertisements on Craigslist using the words, 'First Call,' 'Call First,' and 'Call Us First.'"

According to Plaintiffs, the Gomezes made these postings "deliberately and intentionally in an effort to confuse the public into believing the ads were posted by Plaintiffs. (D.E. 1, Ex. 23, p. 3.)

Originally, Plaintiffs sued the Gomezes and Craigslist, Inc. on May 29, 2009 in state court, alleging that the Defendants "entered into an unlawful relationship to conspire to commit statutory and/or common law fraud to induce customers … to purchase services … by the materially false and misleading representations of fact regarding their apartment relocation services. (D.E. 1, Ex. 23, p. 4.) Plaintiffs also contend that the Gomezes ads have contained "false, libelous and misleading information about Plaintiffs" and "were posted with the intent to ruin the business of First Call." (D.E. 1, Ex. 23, p. 4.) Plaintiffs allege that Defendants engaged in trademark and trade dress infringement, as well as copyright violations by "the blatant copying of Plaintiffs' advertisements." (D.E. 1, Ex. 23, p. 5.) Further, Plaintiffs contend that Defendants violated Section 43(a)(a)(A) of the Lanham Act, 15 U.S.C. Inspection 1525(a)(1)(A) or (B) or both. (D.E. 1, Ex. 23, p. 5.) Plaintiffs also brought suit under an unfair competition claim, and a claim for dilution, violation of Texas Business and Commerce Code Section 16.29, continued use, irreparable harm, libel, slander, harassment, intentional infliction of emotional distress, fraud and conspiracy, business disparagement and tortuous interference with business relations. (D.E. 1, Ex. 23, p. 6-13.)

On June 26, 2009, Craigslist filed a notice of removal, alleging that this Court had federal question jurisdiction over this case pursuant to 28 U.S.C. 1331, because Plaintiffs' complaint had alleged, inter alia, that Craigslist had violated the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and/or (B). (D.E. 1.) Federal question jurisdiction was the only ground upon which this Court was alleged to have subject matter jurisdiction over this case. (D.E. 1.)

After this case was removed, the parties moved to dismiss all claims against Craigslist pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). (D.E. 9.) Thereafter, this Court ordered the dismissal of Craigslist as a defendant. (D.E. 11.) Arguing that the dismissal of Craigslist as a defendant divested this Court of subject matter jurisdiction over this case, Plaintiffs moved to remand this case back to state court. (D.E. 10.) Specifically, Plaintiffs point out that "[t]he causes of action asserted by Plaintiffs against the remaining Defendants are based on state law only. Plaintiffs are not now and do not intend to pursue any action against the remaining Defendants based on the Lanham Act, or any other Federal Act, nor do Plaintiffs intend to make any other claim in the future for which this Court would have jurisdiction." (D.E. 10, p. 2.) For the reasons set forth below, the Court finds that it does not have federal jurisdiction over this case, and hereby GRANTS the motion to remand filed by Plaintiffs. (D.E. 10.)

## II. Discussion

### A. General Removal

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper

should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper. See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).

### B. Federal Question Subject Matter Jurisdiction

A federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." Hart, 199 F.3d at 243 (citing Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10 (1983)) (emphasis added). "The plaintiff is thus the master of her complaint. Carpenter, 44 F.3d at 366. Where a plaintiff has a choice between federal and state law claims, he "may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." Id.

A defendant cannot establish federal question jurisdiction merely by showing that federal law will "apply" to a case or that there is a "federal issue" in the plaintiff's state law causes of action. Id.; see also Thompson, 478 U.S. at 813. This Court has no discretion to retain a case over which it lacks subject matter jurisdiction. 28 U.S.C. § 1446 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

### C. The Court Lacks Federal Question Jurisdiction Over This Case

In their motion to remand, Plaintiffs assert that the "causes of action asserted by Plaintiffs against the remaining Defendants are based on state law only." (D.E. 10, p. 2.)  Moreover, Plaintiffs assert that they "do not intend to pursue any action against the remaining Defendants based on the Lanham Act, or any other Federal Act." (D.E. 10, p. 2.)  Because Plaintiffs in this case have chosen to not pursue federal-law claims against the remaining Defendants, this Court lacks subject matter jurisdiction over this action.  28 U.S.C. § 1331.  This is the case even if Plaintiffs theoretically have valid federal-law claims against the remaining Defendants that they could have brought. Carpenter v. Wichita Falls Indep. Sch. Distr., 44 F.3d 362, 366 (5th Cir. 1995) ("A plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded.")  Accordingly, this Court has no choice but to remand this case back to state court. 28 U.S.C. § 1447(c).

### III. Conclusion

For the reasons set forth above, this Court determines that it does not have jurisdiction over the above-styled action.  The Court hereby GRANTS Plaintiffs' motion to remand (D.E. 10), and this case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 214th Judicial District Court of the State of Texas, in and for Nueces County, where it was originally filed and assigned Cause Number 09-2571-F.

SIGNED and ORDERED this 24th day of July, 2009.

_____
Janis Graham Jack
United States District Judge